**Electronically Filed
Supreme Court
SCPW-12-0000633
27-SEP-2012
03:37 PM**

NO. SCPW-12-0000633

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

MAUI RADIOLOGY ASSOCIATES, LLP, Petitioner,

vs.

THE HONORABLE KELSEY T. KAWANO, Respondent Judge,

and

HAWAI'I HEALTH SYSTEMS CORPORATION; BOARD OF DIRECTORS,
MAUI REGIONAL HEALTH CARE SYSTEM OF THE HAWAI'I HEALTH SYSTEM
CORPORATION; WESLEY P. LO, Respondents.

---

ORIGINAL PROCEEDING
(CIVIL NO. 12-1-0660(2))

ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR,
IN THE ALTERNATIVE, WRIT OF DIRECTION
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ., with
Acoba, J., dissenting, with whom Circuit Judge Kim in place
of Pollack, J. recused, joins)

Upon consideration of petitioner Maui Radiology

Associates, LLP's petition for an emergency writ of mandamus or,

in the alternative, a writ of direction, filed on July 12, 2012,

the respondent judge's answer, filed on August 28, 2012, and

respondent Hawai'i Health Systems Corporation and Wesley P. Lo's

answer, filed on August 28, 2012, the respective documents

submitted in support thereof and in response thereto, and the record, it appears that petitioner is not entitled to mandamus relief inasmuch as it cannot be said that the respondent judge exceeded his jurisdiction, committed a flagrant and manifest abuse of discretion, or refused to act on a subject properly before him in which he has a legal duty to act in ruling as he did, and petitioner can obtain appellate review of the respondent judge's jurisdictional determination once final judgment is entered. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedure. Moreover, where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act). Therefore,

IT IS HEREBY ORDERED that the petition for a writ of mandamus or, in the alternative, for a writ of direction is denied.

DATED:    Honolulu, Hawaiʻi, September 27, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

